## In re SCHAFER.

## SCHAFER v. BANK OF FERGUS COUNTY.

(Circuit Court of Appeals, Ninth Circuit.  June 2, 1924.)

No. 4181.

Bankruptcy ⬉417(4)—Finding of fraud in obtaining discharge sustained by evidence.

Finding of fraud in obtaining discharge *held* sustained by evidence; it appearing bankrupt had conveyed property to sister for $1, and it had been retransferred to his wife after discharge for same consideration.

Appeal from the District Court of the United States for the District of Montana.; George M. Bourquin, Judge.

In the matter of the estate of Anton Schafer, bankrupt.  From an order revoking the discharge in bankruptcy on application of the Bank of Fergus County, the bankrupt appeals.  Affirmed.

O'Leary & Doyle, of Great Falls, Mont., for appellant.

Belden & De Kalb and M. C. Groene, all of Lewistown, Mont., for appellee.

Before GILBERT, MORROW, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge.  This is an appeal from an order revoking a discharge in bankruptcy.  The material facts are as follows:

During the early part of March, 1919, the bankrupt was the owner of a ranch in Fergus county, Mont., containing about 2,000 acres, of the value of about $40,000, together with horses, cattle, a band of sheep, and the usual farming implements and utensils.  Some time during the previous year he had been convicted of a violation of the state Sedition Act, and was fined in the sum of $12,000.  This fine, except the sum of $500, was later remitted by the Governor.  On March 11, 1919, the bankrupt conveyed the ranch property to his sister, living in Chicago, for a nominal consideration of $1, taking back a power of attorney authorizing him to manage, operate, sell, and mortgage the property thus conveyed.  On August 13, 1919, by virtue of this power of attorney, the bankrupt mortgaged the ranch to secure the sum of $10,000, which was used by him to take up a prior mortgage on the same property.  On February 16, 1920, the power of attorney was revoked by the sister.  On September 3, 1921, the petition in bankruptcy was filed.  Some time in October, 1921, the sister attempted to deed the property back to the bankrupt, because she was being harassed by the mortgagee, on account of interest due on the mortgaged debt; but this deed, transmitted through the mails, was never received by the bankrupt, so far as the record discloses.  On December 13, 1921, the discharge in bankruptcy was granted.  On October 7, 1922, the petition for a revocation of the discharge was filed upon the ground that the discharge was obtained through the fraud of the bankrupt.  In February, 1923, the sister reconveyed the ranch property to the wife of the bankrupt for a nominal consideration of $1.  There was no change of possession or management

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the ranch property at any time after the execution of the deed of March 11, 1919.

The foregoing facts give rise to a strong presumption that the transfer to the sister was a mere matter of form, and that the beneficial interest in and ownership of the property at all times remained in the bankrupt. There is nothing in the surrounding circumstances to change this aspect of the case. The bankrupt claims that he was ostracized by his neighbors and by society after his conviction on the sedition charge, that because of this he desired to leave the country, that he retained ample property to pay his debts; and that the real consideration for the transfer to the sister was a personal injury received by her while in his employ nearly 35 years before; but it does not seem at all reasonable that a married man, with a wife and seven children to support, would transfer practically his entire estate to a sister for such a consideration, and whether we look to the transfers themselves, or to the explanations offered, the finding of the court below on the question of fraud is amply supported by the testimony.

The decree is therefore affirmed.